## Application of FLORIDA BRIDGE CO.

Railroad & Public Utilities Commission.
May 8, 1952.

———◉———

Robert S. Baynard and Henry S. Baynard, both of St. Petersburg, Earl D. Farr, Punta Gorda, and George Presson, Fort Myers, for applicant.

Sumter Leitner, Arcadia, and J. A. Franklin, Fort Myers, for Boca Grande Ferry Co. in opposition to the application.

Lewis W. Petteway, Tallahassee, for the Commission.

Chairman RICHARD A. MACK, Commissioner JERRY W. CARTER and Commissioner WILBUR C. KING, participated in the hearing and disposition of this case.

BY THE COMMISSION.

The Florida Bridge Co. has filed with this commission a petition requesting that this proceeding be reopened and that a franchise be granted to it to construct and operate a toll bridge and causeway in Charlotte County between Placida and Gasparilla Island.

The Florida Bridge Co., a Florida corporation, filed its application with this commission seeking a franchise authorizing it to build, construct, establish, operate and maintain a toll highway bridge from Placida, a small village located on the mainland adjacent to Gasparilla Sound in Charlotte County, to a landing point near the north end of Gasparilla Island, which landing point is also in Charlotte County. The proposed causeway and bridge would lie wholly within Charlotte County and would connect Gasparilla Island with the mainland and serve the residents of the island as well as the members of the public generally who may have a desire or need to visit the island.

At the present time transportation to and from the island is by train, ferry or charter boat. The application was vigorously opposed by the Boca Grande Ferry Co. which operates a ferry at the present time between Placida in Charlotte County and Boca Grande in Lee County.

The Boca Grande Ferry Co. secured from this commission in 1940 a fifty-year franchise authorizing the operation of the ferry between Placida and Boca Grande. This ferry franchise was granted on a showing of public convenience and necessity under sections 347.11 and 347.12, Florida Statutes 1941, and under the terms of said statutes is an exclusive franchise for a distance of three and one-half miles along the shore line of the body of water in question in each direction from each terminus of the ferry, subject only to the power of this commission to determine whether or not public convenience and necessity require additional means of transportation in the immediate vicinity.

The applicant herein contends by its application, and by numerous witnesses who testified at a public hearing before the commission, that there is a great and urgent need for additional means of reaching Gasparilla Island in the form of a toll causeway and bridge. On the other hand, the holders of the ferry franchise rely on the exclusive features of their

franchise and also take the position that public convenience and necessity do not require additional means of reaching the island. In this contention it was supported by several witnesses.

The applicant and its supporting witnesses claim for this island territory the right to take its place in the fabulous growth and development of Florida—the nation's playground. They have strongly contended that this territory can never grow and prosper so long as ingress and egress is restricted to present means—that only a causeway and bridge can adequately provide the accessibility that is required if the natural attractions of the area are to be enjoyed by the public generally.

On the other hand, there is a substantial group which is not aligned with the ferry company but which vigorously opposes the proposed bridge. This group appears to be sincerely motivated by a deep-rooted desire to continue their restful and peaceful way of life in their cloistered and secluded island retreat unmolested by the clamor and commercialization which usually comes with growth and development of any region.

It is, however, the opinion of this commission that there is a strong public demand for a toll highway bridge from Placida to Gasparilla Island in Charlotte County and that the public convenience and necessity will be better served by the operation of such a bridge and causeway than by a ferry. That would have been our decision when we first heard this application if we had disposed of the matter at that time on its merits.

When we first considered this application, certain litigation was pending in the circuit court of Lee County between Gasparilla Ferry Corp. and Boca Grande Ferry Co. That litigation has now been completed and the ferry franchise has been transferred to Gasparilla Ferry Corp. The Boca Grande Ferry Co. can no longer have any objections to the granting of this application. Gasparilla Ferry Corp. supported the application of the Florida Bridge Co. originally in this proceeding and took the position that the application should be granted.

In consideration thereof, it is ordered and adjudged that a franchise to construct, maintain and operate a toll bridge and related causeways in Charlotte County between Placida

and Gasparilla Island be and the same is hereby granted in accordance with plans and location approved by the United States War Department as contained in that certain permit issued to Florida Bridge Co. on June 9, 1950 and filed herein as a part of the record in this proceeding. The franchise rights hereby granted are under the provisions of chapter 347, Florida Statutes 1951, and such rights are exclusive and shall continue in force for a period of fifty years from the date of this order.

It is further ordered and adjudged that this franchise shall become effective when the Florida Bridge Co. shall furnish to the commission a bond in the sum of $5,000 conditioned on the actual beginning of operations (meaning construction of the facility) in the exercise of the franchise herein granted on or before March 31, 1953; and a like bond in a sum equal to 5% of the total estimated costs of construction and equipment of the said works, as indicated by accepted bid or bids thereon, conditioned for the completion and equipment of said bridges and causeway facility within 5 years from the date of this order; which said bonds shall each be in form to be approved by this commission, and be made payable to the Governor of Florida, for the use and benefit of the State Road Department.